Good morning, Verna Weefald. On behalf of Alan Mapuatuli, the appellant, I will try to use this and see if it helps. If not, please bear with me. In the time we have, I would like to reserve a couple of minutes for rebuttal. The issue regarding the transcript, I believe, is very important, but given that the sentencing issue is much more complicated, I'd like to devote my time to that. I will, of course, answer whatever questions the Court has. I think it's adequately briefed, and both parties adequately briefed the transcript issue. I'm more concerned about the sentencing issue. Yes. The life sentence here, the government evidence that was used to find that the 851 priors were valid and proven beyond a reasonable doubt, are clearly insufficient under well-settled authority of this Court. In the, I think it's the Crack House case or whatever, the 11365, all we have is the report of indeterminate sentence. And in the other case, we have the information, which says, you know, crack cocaine, 113, excuse me, cocaine. Well, the counsel didn't challenge, didn't really challenge the 1990 conviction at sentencing, did they? The challenge was, at the district court, the challenge was initially to the fact that the maintaining a, you know, house for drugs or whatever it is was not a felony. Right. That's the 88 conviction. Right. It looked to me in reading the transcript, maybe concede is too strong a term, but it didn't look like the defense really was arguing that the 1990 conviction for felony sale of cocaine was improper to rely on. In some respects, that is correct. However, they did start to argue that there was a modified categorical approach that needed to be addressed in this case, and the government disagreed that that had anything to do with 851 priors. And I think the important thing to stress is that the district court judge did not advise Mr. Mapatuli that he had to speak now or forever hold his peace. And so I don't think these issues are waived. And the government agrees that the court did not do that. I'm going to direct your attention to ER 1118, which is page three of the sentencing transcript. And the court comes out on the bench and basically says to counsel for the defense, the defendant, however, does dispute whether the 1988 conviction was a felony. I'm sorry, I got the wrong one. Yeah, go ahead. I'll find it. Well, my worry, I guess, is that if you're just going to talk about whether he waived his challenge, the fact that they didn't have the colloquy may get you out of that problem. But I was somewhat similar to what Judge Tallman had suggested about the 1990. It was a conviction for selling cocaine, right? I think what's important is that under this court has held that 11352, which is the sale of cocaine, that is comparable, you know, under a modified categorical approach. And what I said, it appears at first blush that there's nothing wrong with that. However, we do not have any document that shows no minute order, no transcript of any plea, no transcript of the sentencing hearing. All we have is the information and the judgment. And that is clearly not sufficient. Well, but the government produced the information, which charged Mapitude, I don't know how to say his name, with violating 11352, which listed cocaine as the controlled substance. The government produced the abstract judgment, which note the conviction is under 11352 and is for the sale of cocaine. I guess I'm trying to figure out why that isn't enough. I will tell you. Because under Snellenberger and Shepard, the U.S. Supreme Court case, we have to have documents that show what the factual basis for the plea was. And in Snellenberger, this court held that a minute order. What are you going to do with Ramirez-Villalbando, which suggests that an information abstract judgment can provide the sufficient proof to establish the prior conviction? Well, I think in combination with Snellenberger and with Martinez-Lopez, which is the 11352 case, and with Shepard, you have to have something that shows what the defendant admitted. And I think this is really important to point out that Snellenberger, the reason that this court found that a minute order was sufficient was because the clerk is required under their oath to prepare the minute order during the court hearing when the defendant pleads guilty. An abstract of judgment is not prepared by the clerk that was in court. It's not prepared by the clerk that was in. It's just an abstract. But just a second. Are there any inconsistencies between the information and the abstract judgment? I think you have to have there's something. Is there any inconsistency? You haven't argued any inconsistency. In fact, looking at the record, there's no inconsistencies between the judgment pronounced orally or the, if you will, the information. And I guess, therefore, I'm having a tough time for your argument. I think you're better spent in your time in the 1988 one. Go ahead and respond to that. But I did find the reference I was looking to that the court comes out at 1130, ER 1130, and states the only issue that is before the court with respect to that prior conviction set forth in paragraph 43, which is the 1988 maintaining a house of the pre-sentence report, is whether or not that conviction is a felony conviction. That is the sole issue before the court this afternoon. And defense counsel didn't say anything. And then they spent the rest of the colloquy talking about the 1988 conviction. That is true. However, I think in combination with the fact that the judge did not tell Mr. Mapatulli that he waived any arguments to the validity of these convictions, and the fact that it is plain error because under Snellenberger, under Martinez-Lopez, and under Shepard, we have to have some document that explains the factual basis. And I think it's important. I'm kind of coming out where Judge Smith comes out. I mean, the documents that were before the court are all consistent that it was felony sale of cocaine. And I'm having a hard time seeing any error at all in that conclusion. That is because the error is because the clerk who is in court, according to Snellenberger, the clerk who is in court and hears the plea or hears the sentencing is not the person who prepares that judgment. But defense counsel said nothing in the face of the court's declaration. But I'm trying to see whether or not a reasonable district judge under these circumstances should have recognized that there was a problem with the 1990 conviction. And defense counsel didn't give the court any help at all on that issue by remaining silent. I think that according to the case law, Snellenberger, which was valid law before then, Shepard was law before then, Martinez-Lopez. Well, let me tell you, we've heard your argument. We've heard your argument. I have not. I'm a little worried. You're down to one minute, and I thought your best argument was 88.  You've only got a minute. Thank you. Well, Valentini? Good morning. I may please the court. Francesco Valentini for the United States. Unless the court has any questions about the transcript issue, I will address in my time the sentencing claims that have been raised on appeal. With respect to the 1990 conviction, as the discussion just now suggests, first, the issue was not raised below. It is reviewable, if at all, for plain error. And there was no error, let alone plain error, in this case. This court has repeatedly held, in the cases that Your Honors just referenced, Ramirez-Villalpando, Villalvega, and Cavantag, that the combination of an abstract of judgment with a charging information where the two match is sufficient under the modified categorical approach. So for that reason, there is no error with respect to the 1990 conviction. Now, my opponent did not address the 1988 conviction. However, I would like to discuss that in the remainder of my time. In his brief, the defendant argues that the conviction for maintaining a drug premise did not qualify under California law as a felony. But that contention is foreclosed by this court's decision in at least two cases, Robinson and Diaz-Argueta, where the defendants, as in this case, received suspended sentences for so-called California wobblers in combination with a term of probation. And this court held that the conviction did not convert to misdemeanors just because a term of imprisonment was not imposed. The issue, as I understand it, is that under California law, the presumption is that it's a felony unless the superior court judge says otherwise, either at the time of sentencing or entry of the judgment. And there's no evidence in the record here that a court ever declared this to be a misdemeanor. That is correct, and that is exactly the reasoning that this court applied in Diaz-Argueta, where with respect to the second prong of California Penal Code 17B, the court was satisfied when it found that there is nothing in the record to show that the second method, that would be the formal declaration that the offense transitioned to a misdemeanor, was used. The presumption that the conviction was a felony has now been overcome, and that was the end of- Let's move forward. I've heard your argument about that, and I'm sorry to move you, but you're moving down. So let's suppose it is a felony. Suppose it is a felony. Does the 11366.5A, does that provision just criminalized conduct, which is met under the federal definition of 21 U.S.C. 80244? Yeah, absolutely. Well, it seems to me that there are, if you will, conduct under 11366.5A, which are not covered under 21 U.S.C. 80244, and therefore we can't have a categorical match. So the defendant brief has not- But the defendant brief, what the defendant's brief has said and what the defendant's brief hasn't said, I think is to some extent modified by the idea that the district court didn't really tell the defendant what they could do and what they couldn't do. And so therefore, I've had to look at the issue and try to make sure what we have here. And that's why I said 11366.5A, I said, does that criminalize conduct that's not covered by 21 U.S.C. 80244? And in my book, it does. Your Honor, the provision of California law, I don't know what type of conduct Your Honor is referring to, but 21 U.S.C. 80244 applies to an offense that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressants or stimulus substances. All of the conduct that is covered by the California law provision relates to narcotic drugs, marijuana, anabolic steroids, or depressants or stimulant substances. Certainly all the acts that are prohibited by the California provision fall, they relate to controlled substances. Then the only question I suppose could be, a question that again has been waived because the defendant has now raised it in this case, is whether the definition of controlled substance under the California Act is a categorical match to the expansive. Well, we do know from other cases, this may be where Judge Smith is coming from. I was going to go there, but go ahead. We sometimes finish each other's questions. The question from other cases is California essentially includes in its list of anabolic steroids substances that are not listed in the various schedules of the Controlled Substances Act federally. That's true, and that is a point that this Court has noted in some cases, including Ruiz Vidal, which I believe is the case. Ruiz Vidal is where I was going. What are you going to do with that? Ruiz Vidal dealt with a case where the relevant provision required a match between California controlled substance and the substances prohibited listed under the federal schedules. 802.44, this provision does not require a match to the federal schedules. Instead, it requires a match to specifically statutorily defined substances, narcotic drugs, marijuana. Just a minute. You've missed what Ruiz Vidal says. Ruiz Vidal just points out very straight that the California law regulates possession of sale of numerous substances that are not similarly regulated by 802.44. That's what it says right in it. It was not an 802.44 case. It was the Federal Controlled Substances Act case. Right. But the same thing applies. I guess I'm trying to figure out why is it. Well, give me your best answer. Right, so there's substances that fall under the statutory definition, including the statutory definition of steroids under the statutory definition itself, which are not necessarily listed under the schedules, which are the ones that were at issue in Ruiz Vidal. So in that sense, the universe of relevant substances is broader for 802.44 because the court does not look at the schedules to see what substances the federal government and the attorney general decides to designate as controlled substances in a particular schedule. What it looks at is a broader functional definition, which is only partially imported into the schedules. And so, for instance, for the definition of steroids, for instance, that Your Honor just referenced, the definition of steroids under 802 is broad. And the list of specific substances that also appears in the schedules, it's only an including. It's illustrative. It's not comprehensive. And so for that reason, the six substances that Ruiz Vidal lists in the footnote are not dispositive in 841 cases. So if I don't believe you, supposing I don't agree with you, in that situation, if it can't be resolved on the categorical match, do you lose? Well, we don't lose because this issue has been raised under only for the first time. It's not being raised at all, and so it's being waived. No, but just a minute. The fact that there's a waiver, we got through that just a minute ago. I want to say, supposing it isn't waived, then at that point, if I don't agree with you on this first step, that it can't be a categorical match because the California statute is too broad. Do you lose? Right. I mean, is the section divisible? The section is not. It is not divisible. It may or may not be divisible. So therefore, not divisible means you've either got to get it under categorical or you lose. Right. So the section may or may not be divisible in this particular case. However, we don't have the type of documents under the modified categorical approach that would make divisibility, that would help with the overbreadth. I can't go even to the documents unless it's divisible. Correct. And if it isn't divisible, then I can't get to the documents, and it's not a categorical match unless I accept your argument, and then you lose, right? Those are our arguments. That's correct. However, what I would also say is that waiver is not just waiver to the extent that was discussed before in the colloquy with my opponent. Waiver in this case is relevant because the issue was also not raised on appeal, period. And because it was not raised on appeal, it's waived for purposes of the appeal. It's not just by operation. Even if it is technically clear error because of that fact, we should exercise our discretion not to notice it. It's not a discretion not to address it. I mean, this court routinely . . . We do have discretion under the plain error rule. Even if the four prongs are met, we do have the discretion to say even though that is so, we are going to exercise our discretion and not act upon it. So we're certainly arguing that, but we are also arguing beyond that, the fact that if an error is not . . . if an argument is not advanced in an opening brief, it is not proper for this court to . . . But isn't this a question of law? But whether it's a question of law or not, the rule is certainly on questions that touch upon the facts of a case, the strength of the . . . But the problem is we're really talking about whether this is . . . whether 1988 is a predicate felony conviction, a question of law. On the first hand, the district judge doesn't tell the defendant that he has to object to this. So there are documents which come in that certainly should have been objected to. If in fact . . . if in fact this is not . . . if in fact this is not something we came through having the absolute, it's no question, we're going to have a categorical method here and it's no problem. If you can't get to the category . . . pass the categorical approach, those documents would have never come in. And therefore, it's a question of law. It's something you've been able to brief or think about. And I guess I'm trying to figure out why it is I wouldn't make that determination. Well, so the last point I will raise is that the error, even if there was any error, was clearly harmless in this case. Harmless? It was harmless. The district court, as sentencing, as we explained in our brief, if I may finish, I see I'm over my time, but I would like to touch this important point. As we explained in our brief, the district court made clear that even if you had authority to impose a sentence other than a life sentence with respect to the second count, it found that the 3553 factors weren't the sentence anyways. And in fact, this was not just some offhand remark by the court. Where in the transcript is that? Yeah, where is that? It's at the defendant's excerpt of record at page 1144. Okay. Where the court said even if the court could vary from the mandatory minimum term, it would not. It would exercise discretion not to do. And in fact, this is not just some offhand remark. Here we have proof positive that the court would not have departed because on count one, the distribution count, the mandatory minimum was not life. It was 20 years. Or in fact, perhaps 10 years. I was going to say it's 10. I'm sorry? Wasn't it 10 years? 10 years. I'm sorry. I'm sorry for the slip-up. And the court still imposed a life sentence on that count as well. So it would make very little sense to believe, consistent with not only what the court said, but just as an objective matter, that the court would have imposed a lesser sentence on count two that involved a higher quantity of methamphetamine than count one. So even if the court were to consider the claim that the defendant is not advanced in this case, and even if the court were to find error, that error would have resulted in no prejudice. And for that reason as well, unless the courts have any further questions, we would ask that you affirm the conviction and sentence. This may be saying what you just said, but your conclusion is that the court essentially concluded, I have before me an unrepentant recidivist, and I'm going to hammer him no matter what. That was the court's conclusion. Yes. That is a way to paraphrase the court's conclusion. That isn't exactly what he said. I think that's a correct. That's Mr. Coleman's brief explanation of what he said. That is a correct paraphrasing. The one bit I would ask is that the defendant. My cliff note summary. I would also add to your cliff note summary, Your Honor, that the defendant also was found with a firearm in his possession, and for that reason he was convicted of 924C. Which is why he got life on counts one and two, and then the consecutive 60 months on count three. Right. The 924C conviction resulted in a mandatory consecutive term of 60 months. So he got life plus five years, basically. That's the sentence that the defendant received. That's a pretty long sentence. That is a pretty long sentence. As you said, the defendant is a recidivist who was dealing in pound quantities of methamphetamine, and the PSR also has information that reflects the fact, and in fact, the quantity that this was a trade that the defendant had been engaging for some time. This is not a one-time occurrence. And that he didn't accept responsibility for his conviction. He did not accept responsibility, and he was found in possession of a firearm. And that summarizes him as an unrepentant recidivist. Unless Your Honors have any further questions, I would ask the court to affirm the conviction and judgment. All right. Thank you, Mr. Valentini. Ms. Weeval, do you have time? In terms of Mr. Mappatulli's recidivism, these drug trafficking convictions are almost 30 years old. He does have a record after that, but he was on probation, I think, for getting into a drunken fight in a casino. This is, you know, you said the mandatory minimum of 10 years. The PSR is pretty bad. I mean, in terms of his criminal behavior. But the drug, I mean, a life sentence versus 15 years. Like you said, 15 years is a lot of time. And if we're going to sentence somebody to life imprisonment without the possibility of release, I think we need to do it right. Well, what are you going to do with the language that Judge and my colleague had paraphrased? I mean, it's almost, as counsel has suggested, it almost says it wouldn't matter what there was here. This is what this guy is going to get. The judge did not make any kind of a finding that he was in an alternative he would impose a life sentence in this particular case. I think it's just a gratuitous comment. Okay. Then what are you going to do with this good argument that your colleague makes, which is if you'd have thought this was such a big, good argument that I'm making about 11-366-5A, why didn't you make it? Well, you know, I think that the fault is mine. I should have made it. When I pointed out that the court said that he did not know what section of, whether it was Section A or Section B, and I pointed out that there's a mens rea problem also. I understand that. Yeah, and that, you know, but we should not punish Mr. Mapatula for something that I left out or that the district court left out. We're talking about a life sentence here and the government has the burden of proof and they failed to carry that burden, and I would ask the court to reverse the sentence. Thank you. Thank you. We thank both counsel for the argument. The case of United States v. Mapatula is adjourned.
judges: Tallman, Bybee, N.R. Smith